**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

OLE SAVIOR, Civil No. 01-1259 (DWF/SRN)

Plaintiff,

v. **ORDER**

SUSAN GAERTNER, JOHN WODELE, DEAN BARKLEY, and JESSE VENTURA, a/k/a James George Janos,

Defendants.

---

Ole Savior, *Pro Se*, 1905 Elliot Avenue South, Minneapolis, MN 55404, Plaintiff.

Darwin J. Lookingbill, Assistant Ramsey County Attorney, 50 West Kellogg Boulevard, Suite 315, St. Paul, MN 55102-1657, counsel for Defendant Susan Gaertner; George W. Soule, Esq., and Scott B. Paxton, Esq., Bowman & Brooke, Suite 2600, 150 South Fifth Street, Minneapolis, MN 55402, counsel for Defendants John Wodele, Dean Barkley, and Jesse Ventura a/k/a James George Janos.

---

Plaintiff commenced this action on July 12, 2001, by filing a complaint seeking relief under 42 U.S.C. § 1981. Defendants filed motions seeking to have the action dismissed, and those motions were granted. (*See* Order dated December 11, 2001 (Doc. No. 18).) On January 2, 2002, Plaintiff filed a Notice of Appeal (Doc. No. 21). He did not tender the $105 filing fee for his appeal, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. No. 20). That application is now before the Court.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.

FILED JAN 09 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, Plaintiff's IFP application shows that: (a) he is not currently employed; (b) he has no current source of income; and (c) his only asset is a bank account that has a balance of $20. Based on these representations concerning his financial affairs, the Court finds that Plaintiff is financially eligible for IFP status.

Although the Court remains fully satisfied that Plaintiff's complaint was properly dismissed, the Court does not find his claims to be legally "frivolous," as that term has been defined by the Supreme Court. Therefore, Plaintiff's appeal is found to be taken in "good faith" for purposes of Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 20), is **GRANTED**.

Dated: January 8, 2002

DONOVAN W. FRANK
Judge of United States District Court